# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                                  Criminal Case No. 12-20218

Jesse Gordon Dismukes, Jr.,            Sean F. Cox
                                                 United States District Court Judge

    Defendant.

_____/

## OPINION & ORDER
## DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

In this criminal action, Defendant Jesse Gordon Dismukes, Jr. ("Defendant") was convicted of bank robbery and firearm offenses and was sentenced to a total of 240 months of imprisonment. The matter is before the Court on Defendant's *pro se* Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A), which is based primarily upon concerns about the ongoing novel coronavirus pandemic ("COVID-19"). The Court concludes that a hearing is not warranted and orders that the motion will be decided based upon the briefs. As explained below, the Court shall DENY the motion.

## BACKGROUND

In this criminal case, Defendant was convicted of two counts of Robbery Affecting Interstate Commerce, in violation of 18 U.S.C. § 1951, one count of Brandishing a Firearm During a Federal Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii), and one count of Brandishing a Firearm During a Federal Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(C)(I). This Court sentenced Defendant to a total of 240 months of imprisonment. (*See* 4/28/14 Judgment).

On April 7, 2021, Defendant filed his *pro se* Motion for Compassionate Release. (ECF No. 556).

Defendant is now twenty-six years old. He is currently housed at FCI Gilmer and has served less than half of his sentence. Defendant filed his Motion for Compassionate Release asserting that although he has already contracted COVID-19 and has recovered, he fears he could contract it again. Defendant also claims to still have some lingering COVID-19-related symptoms, such as some blood in his urine. Defendant claims that he is overweight and contends that condition places him at heightened risk for severe symptoms of COVID-19, if he were to contract it again.

The Government opposes Defendant's motion, noting that Defendant's only claimed health condition is obesity and that Defendant has already contracted the virus and recovered. It also notes that Defendant was offered the Pfizer COVID-19 vaccine and declined it. The Government contends the motion should be denied based upon a consideration of the § 3553(a) factors.

**ANALYSIS**

"The 'compassionate release' provision of 18 U.S.C. § 3582 allows district courts to reduce the sentences of incarcerated persons in 'extraordinary and compelling' circumstances. 18 U.S.C. § 3582(c)(1)(A)." *United States v. Michael Jones*, 980 F.3d 1098, 1100 (6th Cir. Nov. 20, 2020).

"The passage of the First Step Act in 2018 expanded access to compassionate release by allowing inmates to bring compassionate-release motions on their own behalf." *United States v. Elias*, __ F.3d __, 2021 WL 50169 at *1 (Jan. 6, 2021).

The United States Court of Appeals for the Sixth Circuit has held that sentence-modification decisions pursuant to § 3582(c)(1)(A) embody a three-step inquiry:

> Before granting a compassionate-release motion, a district court must engage in a "three-step inquiry:" the court must "find" that "extraordinary and compelling reasons warrant [a sentence] reduction," ensure "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and "consider[] all relevant sentencing factors listed in 18 U.S.C. §3553(a)." *United States v. Jones*, 980 F.3d 1098, 1101 (6th Cir. 2020) (citing 18 U.S.C. §3582(c)(1)(A)). If each of those requirements are met, the district court "may reduce the term of imprisonment," but need not do so. 18 U.S.C.§3582(c)(1)(A).

*Elias, supra,* at * 1.

At step one, a court must find whether "extraordinary and compelling reasons" warrant a sentence reduction. 18 U.S.C. § 3582(c)(1(A)(I).

"At step two, a court must 'find[]' whether 'such a reduction is consistent with *applicable* policy statements issued by the Sentencing Commission.'" *Jones, supra,* at 1108. (quoting 3582(c)(1)(A)) (emphasis added). But the Sixth Circuit has held "that § 1B1.13 is not an applicable policy statement for compassionate-release motions brought directly by inmates, and so district courts need not consider it when ruling on those motions." *Elias, supra*, at *2. "And, in the absence of an applicable policy statement for inmate-filed compassionate-release motions, district courts have discretion to define 'extraordinary and compelling' on their own initiative." *Id.* That means that, "[u]ntil the Sentencing Commission updates § 1B.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *Jones, supra*, at 1109. Because Defendant's compassionate release motion was filed by an incarcerated person, this Court "may skip step two

3

of the § 3582(c)(1)(A) inquiry and ha[s] full discretion to define 'extraordinary and compelling' without consulting the policy statement in § 1B1.13." *Jones, supra*.

"At step three, '§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case.'" *Jones, supra,* at 1109.

The Sixth Circuit has explained that, "in *granting* a compassionate-release motion, district courts must address all three steps." *Elias, supra*, at *2 (emphasis added). But it has also clarified that "district courts may *deny* compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *Id*. (emphasis added).

Here, Defendant contends that his request for compassionate release should be granted because the ongoing pandemic constitutes extraordinary and compelling circumstances.

This Court agrees with other courts that have concluded that the COVID-19 pandemic alone does not justify compassionate release. *See, e.g., United States v. Shah*, No. 16-20457, 2020 WL 1934930, at *2 (E.D. Mich. April 22, 2020) ("[S]peculation as to whether COVID-19 will spread through Defendant's detention facility ..., whether Defendant will contract COVID-19, and whether he will develop serious complications, does not justify the extreme remedy of compassionate release."); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release[.]").

Here, the only health condition that places Defendant at heightened risk of severe

4

symptoms of COVID-19 is his obesity.  Notably, however, Defendant has already contracted the virus and has recovered.  In addition, the Bureau of Prisons is now receiving the COVID-19 vaccine and is in the process of administering it to staff and inmates.  It is undisputed the Defendant was offered the Pfizer COVID-19 but declined it, despite having no known medical contraindications for the vaccine.  In light of all of this, this Court does not believe that Defendant has established extraordinary and compelling circumstances.

Moreover, this Court concludes that consideration of the § 3553(a) factors weighs against granting compassionate release in this particular case in any event.  *United States v. Ruffin,* 978 F.3d 1000, 1008 (6th Cir. Oct. 26, 2020) ("Even when extraordinary and compelling reasons exist, the statute leaves district courts with discretion to deny relief under a balancing of the sentencing factors in 18 U.S.C. § 3553(a).").

The nature and circumstances of Defendant's offenses *weigh strongly* against his release. Defendant was convicted of two counts of Hobbs Act Robbery and two counts of brandishing a firearm during a federal crime of violence.  Defendant took part in armed robberies of cellular phone retail stores.  He was an active participant in the robberies, entering occupied retail stores and brandishing semi-automatic weapons.  These are very serious and troubling offenses.

And Defendant has served less than half of his sentence.  Defendant's long remaining sentence weighs against his release.  This is because the original sentence imposed by this Court reflects this Court's evaluation of the need to provide just punishment and the need to promote respect for the law.

Defendant also has a lengthy discipline history while incarcerated, with incidents including possession and use of drugs/alcohol, fighting, stealing, possession of a dangerous

weapon, refusing to work, and refusing to obey orders. (*See* ECF No. 568-2).

This Court does not believe that releasing Defendant early would promote respect for the law, provide just punishment, afford adequate deterrence, or protect the public from further crimes of Defendant.

The Court notes that Defendant also claims that if he were sentenced today, the Court would not be able to "stack" the § 924 sentences and contends this is also an extraordinary and compelling circumstance that warrants his release. This Court is mindful of the Sixth Circuit's recent decision in *United States v. Owens*, __ F.3d __ , 2021 WL 1811538 (6th Cir. May 6, 2021), wherein it held that, "in making an individualized determination about whether extraordinary and compelling reasons merit compassionate release, a district court *may* include, along with other factors, the disparity between a defendant's actual sentence and the sentence he would receive if the First Step Act applied." *Id.* at *7. (emphasis added). Here, however, this additional consideration does not persuade the Court to grant Defendant relief in this particular case.

In sum, this Court finds that Defendant is not an appropriate candidate for the extraordinary remedy of compassionate release.

## CONCLUSION & ORDER

For the reasons set forth above, **IT IS ORDERED** that Defendant's Motion for Compassionate Release is **DENIED.**

**IT IS SO ORDERED.**

s/Sean F. Cox  
Sean F. Cox  
United States District Judge

Dated: May 25, 2021