UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                                          Criminal Case No. 12-20218

Jesse Gordon Dismukes, Jr.,                 Sean F. Cox
                                                                 United States District Court Judge

    Defendant.
_____/

## OPINION & ORDER DENYING DEFENDANT'S
## RENEWED MOTION FOR COMPASSIONATE RELEASE

In this criminal action, Defendant Jesse Gordon Dismukes, Jr. ("Defendant") was convicted of bank robbery and firearm offenses and was sentenced to a total of 240 months of imprisonment. The matter previously came before the Court on Defendant's *pro se* Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A), based primarily upon concerns about the ongoing novel coronavirus pandemic ("COVID-19"). This Court denied that motion last year. The matter is back before the Court on Defendant Renewed Motion for Compassionate Release. The Court concludes that a hearing is not warranted and orders that the motion will be decided without a hearing. As explained below, the Court shall DENY the motion.

### BACKGROUND

In this criminal case, Defendant was convicted of two counts of Robbery Affecting Interstate Commerce, in violation of 18 U.S.C. § 1951, one count of Brandishing a Firearm During a Federal Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii), and one count of Brandishing a Firearm During a Federal Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(C)(I). This Court sentenced Defendant to a total of 240 months of imprisonment. (*See*

4/28/14 Judgment).

On April 7, 2021, Defendant filed a *pro se* Motion for Compassionate Release, asserting that although he had already contracted COVID-19 and had recovered, he feared he could contract it again. Defendant claimed to be overweight and asserted that condition placed him at heightened risk for severe symptoms of COVID-19, if he were to contract it again.

The Government opposed Defendant's motion, noting that Defendant's only claimed health condition is obesity and that Defendant had already contracted the virus and recovered. It also noted that Defendant was offered the Pfizer COVID-19 vaccine and declined it. The Government also argued the motion should be denied based upon a consideration of the § 3553(a) factors.

In an Opinion and Order issued on May 25, 2021, this Court denied Defendant's motion because it concluded Defendant had not established extraordinary and compelling circumstances warranting his release and because a consideration of the § 3553(a) factors weighed against release in any event:

> Here, Defendant contends that his request for compassionate release should be granted because the ongoing pandemic constitutes extraordinary and compelling circumstances.
> This Court agrees with other courts that have concluded that the COVID-19 pandemic alone does not justify compassionate release. *See, e.g., United States v. Shah*, No. 16-20457, 2020 WL 1934930, at *2 (E.D. Mich. April 22, 2020) ("[S]peculation as to whether COVID-19 will spread through Defendant's detention facility ..., whether Defendant will contract COVID-19, and whether he will develop serious complications, does not justify the extreme remedy of compassionate release."); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release[.]").
> Here, the only health condition that places Defendant at heightened risk of severe symptoms of COVID-19 is his obesity. Notably, however, Defendant has already contracted the virus and has recovered. In addition, the Bureau of Prisons

2

> is now receiving the COVID-19 vaccine and is in the process of administering it to staff and inmates. It is undisputed the Defendant was offered the Pfizer COVID-19 but declined it, despite having no known medical contraindications for the vaccine. In light of all of this, this Court does not believe that Defendant has established extraordinary and compelling circumstances.
>
> Moreover, this Court concludes that consideration of the § 3553(a) factors weighs against granting compassionate release in this particular case in any event. *United States v. Ruffin,* 978 F.3d 1000, 1008 (6th Cir. Oct. 26, 2020) ("Even when extraordinary and compelling reasons exist, the statute leaves district courts with discretion to deny relief under a balancing of the sentencing factors in 18 U.S.C. § 3553(a).").
>
> The nature and circumstances of Defendant's offenses *weigh strongly* against his release. Defendant was convicted of two counts of Hobbs Act Robbery and two counts of brandishing a firearm during a federal crime of violence. Defendant took part in armed robberies of cellular phone retail stores. He was an active participant in the robberies, entering occupied retail stores and brandishing semi-automatic weapons. These are very serious and troubling offenses.
>
> And Defendant has served less than half of his sentence. Defendant's long remaining sentence weighs against his release. This is because the original sentence imposed by this Court reflects this Court's evaluation of the need to provide just punishment and the need to promote respect for the law.
>
> Defendant also has a lengthy discipline history while incarcerated, with incidents including possession and use of drugs/alcohol, fighting, stealing, possession of a dangerous weapon, refusing to work, and refusing to obey orders. (*See* ECF No. 568-2).
>
> This Court does not believe that releasing Defendant early would promote respect for the law, provide just punishment, afford adequate deterrence, or protect the public from further crimes of Defendant.
>
> The Court notes that Defendant also claims that if he were sentenced today, the Court would not be able to "stack" the § 924 sentences and contends this is also an extraordinary and compelling circumstance that warrants his release. This Court is mindful of the Sixth Circuit's recent decision in *United States v. Owens*, __ F.3d __ , 2021 WL 1811538 (6th Cir. May 6, 2021), wherein it held that, "in making an individualized determination about whether extraordinary and compelling reasons merit compassionate release, a district court *may* include, along with other factors, the disparity between a defendant's actual sentence and the sentence he would receive if the First Step Act applied." *Id.* at *7. (emphasis added). Here, however, this additional consideration does not persuade the Court to grant Defendant relief in this particular case.
>
> In sum, this Court finds that Defendant is not an appropriate candidate for the extraordinary remedy of compassionate release.

(5/25/21 Opinion & Order at 4-6).

Defendant then filed a Notice of Appeal, to appeal this Court's denial of his Motion for Compassionate Release. (ECF No. 577). On September 15, 2021, however, that appeal was dismissed for want of prosecution. (ECF No. 588).

On March 25, 2022, Defendant filed a Renewed Motion for Compassionate Release. (ECF No. 620). In this motion, Defendant continues to make the same stacking arguments he made in his previous motion. Defendant also continues to argue that his obesity, in light of the pandemic, constitutes an extraordinary and compelling reason for releasing him. He also argues that he has taken several courses while incarcerated and that he is needed at home to help care for his children. Defendant also states that he "took the initiative to get [the COVID-19] vaccination so he could be safe around others" (Def.'s Br. at 10-11) and that he could reside with family in Richmond, Michigan if he were granted compassionate release.

The Government declined the opportunity to file another response brief opposing Defendant's request for compassionate release. (*See* ECF No. 621).

**ANALYSIS**

"The 'compassionate release' provision of 18 U.S.C. § 3582 allows district courts to reduce the sentences of incarcerated persons in 'extraordinary and compelling' circumstances. 18 U.S.C. § 3582(c)(1)(A)." *United States v. Michael Jones*, 980 F.3d 1098, 1100 (6th Cir. Nov. 20, 2020). As summarized by the Sixth Circuit:

> Federal law authorizes a district court to reduce a defendant's sentence if the court finds that (1) "extraordinary and compelling reasons" warrant a reduction, (2) a reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (3) the § 3553(a) factors, to the extent applicable, support a reduction. *Ruffin*, 978 F.3d at 1003 (quoting § 3582(c)(1)(A)). Currently, no policy statement applies where a defendant (as opposed to the Bureau of Prisons) files a motion seeking a sentence reduction (sometimes known in our case law as "compassionate release"). *United States v.*

>   *Sherwood*, 986 F.3d 951, 953 (6th Cir. 2021). A district court, therefore, must
>   deny a defendant's motion if the defendant fails to show either that extraordinary
>   and compelling reasons warrant a sentence reduction or that the § 3553(a) factors
>   support a reduction. *Id*. at 954; *United States v. Hampton*, 985 F.3d 530, 531 (6th
>   Cir. 2021).

*United States v. McKinnie,* 25 F.4th 583, 586 (6th Cir. 2022).

Here, Defendant continues to argue that his request for compassionate release should be granted because the ongoing pandemic, combined with his obesity, constitutes extraordinary and compelling circumstances.

This Court continues to conclude that Defendant has not established extraordinary and compelling circumstances that warrant his release.

Notably, Defendant previously contracted the virus, and recovered from it. Moreover, Defendant has now been fully vaccinated. This Court concludes that Defendant's incarceration during the pandemic – when he has been fully vaccinated – does not present an "extraordinary and compelling" reason warranting a sentence reduction in this case. *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021); *see also United States v. Traylor*, 16 F.4th 485, 487 (6th Cir. 2021).

The Court notes that Defendant again claims that if he were sentenced today, the Court would not be able to "stack" the § 924 sentences and contends this is also an extraordinary and compelling circumstance that warrants his release. Here, however, this additional consideration still does not persuade the Court to grant Defendant relief in this particular case. And while Defendant's efforts at rehabilitation while incarcerated are commendable, they also do not warrant release in this particular case.

Accordingly, this Court continues to conclude that Defendant has not established

"extraordinary and compelling" reasons for a sentence reduction.

This Court also still believes that consideration of the § 3553(a) factors weighs against granting compassionate release in this particular case in any event, as explained in this Court's May 25, 2021 Opinion and Order. *See United States v. Ruffin,* 978 F.3d 1000, 1008 (6th Cir. Oct. 26, 2020) ("Even when extraordinary and compelling reasons exist, the statute leaves district courts with discretion to deny relief under a balancing of the sentencing factors in 18 U.S.C. § 3553(a).").

## CONCLUSION & ORDER

For the reasons set forth above, **IT IS ORDERED** that Defendant's Renewed Motion for Compassionate Release is **DENIED.**

**IT IS SO ORDERED.**

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: April 18, 2022